**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                         )
JOHN A. ANELLO,                          )
                                                         )
        Petitioner,                         )
                                                         )          **Civil Action No.**
    v.                                              )          **07-40042-FDS**
                                                         )
STEVEN O'BRIEN,                           )
                                                         )
        Respondent.                      )
_____)

**MEMORANDUM AND ORDER ON PETITIONER'S**
**MOTION FOR CERTIFICATE OF APPEALABILITY**

**SAYLOR, J.**

      This matter is pending before the Court on petitioner John A. Anello's request for a Certificate of Appealability ("COA") pursuant to 28 U.S.C. §2253. Anello seeks a COA to allow him to appeal this Court's order of July 12, 2007, dismissing his petition for a writ of habeas corpus as time-barred under 28 U.S.C. § 2244(d) and for failure to exhaust state remedies. For the reasons stated below, the request for a COA will be denied.

    **I.**    **Background**

      On November 8, 2004, petitioner pleaded guilty in the Massachusetts Superior Court to indecent assault and battery on a child under fourteen years of age. He was sentenced to seven to ten years imprisonment at MCI Cedar Junction and placed on lifetime community parole, to begin from the expiration of his sentence. Petitioner apparently took no further action until April 10, 2006, when he filed a motion in the state court to refer the matter to the Committee for Public Counsel Screening.

      Petitioner filed his petition for a writ of habeas corpus in this Court on February 26, 2007.

On March 2, 2007, he filed a motion to correct an illegal sentence in the Superior Court.

**II.    Analysis**

    **A.    Dismissal of Habeas Petition**

In a Memorandum and Order dated July 12, 2007, this Court granted respondent's motion to dismiss. As the Court explained, effective April 24, 1996, Congress enacted a statute of limitations applicable to federal habeas corpus petitions filed by state prisoners as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d). That statute sets a one-year limitation period that runs from the time that the state court judgment of conviction becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The statute provides exceptions to the one-year limitations period where an untimely filing was caused by the state, where new constitutional rights have been created by the Supreme Court, or where there is newly discovered evidence. 28 U.S.C. § 2244(d)(1)(B)-(D). The AEDPA also excludes from the one-year limitations period the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). In addition, equitable tolling of the AEDPA's limitations period may be available when "extraordinary circumstances" beyond the petitioner's control prevented the prompt filing of the petition. *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005).

The Court noted that Anello pleaded guilty and was sentenced on November 8, 2004. His conviction became final thirty days thereafter, on December 8, 2004, when his opportunity to seek certiorari expired. Anello was required to file his habeas petition by December 8, 2005. He did

not commence his habeas in this Court action until February 26, 2007, more than two years after his conviction became final and more than a year after he was required to file his petition.

Anello had no state court post-conviction litigation pending during the limitations period. As such, the statutory tolling provision did not apply. Moreover, Anello failed to establish any reason why equitable tolling should apply.

The Court further noted that Anello did not present the substance of his federal habeas claims to the state court before seeking federal review of those claims, as required by 28 U.S.C. § 2254(b)(1)(A). Although he filed a motion to correct an illegal sentence in state court, he did not do so until March 2, 2007, several days after filing his habeas petition in federal court.

In sum, the Court dismissed Anello's habeas petition because he failed to file within the time period permitted by the AEDPA and did not make any showing that this failure was due to extraordinary circumstances or circumstances beyond his control, and for failure to exhaust his state remedies.

### B.   Request for COA

Anello now seeks a COA allowing him to appeal the dismissal of his petition. A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 does not have an automatic right to appeal a district court's denial or dismissal of the petition. 22 U.S.C. § 2253(b). Instead, such a petitioner must first seek and obtain a COA from a circuit justice or judge. 28 U.S.C. § 2253(c). By local rule, in the First Circuit, "[a] petitioner wishing to appeal from the denial of a § 2254 or § 2255 petition must file a timely notice of appeal and should promptly apply to the district court for a certificate of appealability." First Circuit Local Rule 22.1(b). Ordinarily, the Court of Appeals will not initially "receive or act on a request for a [COA] if the district judge who refused

the writ is available, unless an application has first been made to the district court judge." *Id.*

The United States Supreme Court has indicated that where, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Supreme Court has further instructed that the two prongs of this analysis—one directed at the underlying constitutional claims and the other at the procedural holding—are "part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485.

In the present case, the Court concludes, for the reasons set forth in its Memorandum and Order dismissing the petition and recounted above, that reasonable jurists could not find that its dismissal of Anello's habeas petition as time-barred and for failure to exhaust state remedies was incorrect or debatable. Accordingly, the request for a COA will be denied.

## III.  Conclusion

For the foregoing reasons, the request for a Certificate of Appealability is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: February 28, 2008                                  United States District Judge